UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CATARINO GONZALEZ, JR., | ) No. CV 06-03438-R (VBK) |
| Petitioner, | ) MEMORANDUM AND ORDER GRANTING<br>) RESPONDENT'S MOTION TO DISMISS |
| v. | ) FIRST AMENDED PETITION |
| SCOTT M. KERNAN, | ) |
| Respondent. | ) |

### INTRODUCTION

On June 5, 2006, Catarino Gonzalez, Jr. (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," pursuant to 28 U.S.C. §2254 ("Petition"). On June 27, 2006, Petitioner filed a document entitled "Petitioner Gonzalez's Points and Authorities in Support of His Petition," which the Court construed as a Memorandum in support of the previously filed "Form Petition for a Writ of Habeas Corpus by a Person in State Custody (28 U.S.C. §2254]."

In accordance with the Court's Order Requiring Response to Petition, on August 4, 2006, Respondent filed a "Motion to Dismiss Petition for Writ of Habeas Corpus; Memorandum of Points and

Authorities" ("MTD"), contending that the Petition should be dismissed on the grounds that it is a mixed petition. Petitioner filed a "Reply to Respondent's Motion to Dismiss; Request for Stay and Abey Instant Action; Memorandum in Support; Declaration of Mark McBride; [Proposed] Order" on August 28, 2006.

On September 11, 2006, the Court issued a Memorandum and Order Denying Respondent's Motion to Dismiss and Granting Petitioner's Request for a Stay. Petitioner was ordered to return to the California Supreme Court to fully exhaust all of his claims. Petitioner was advised that he must file his state habeas petition within 30 days of the Memorandum and Order and provide the Court with status reports regarding the pending state court proceedings. (A copy of the September 11, 2006 Memorandum and Order is attached hereto and incorporated herein.)

Petitioner did not file the state petition as directed. On November 14, 2006, this Court again ordered Petitioner to file a state habeas petition within 30 days. On December 15, 2006, Petitioner filed a habeas petition in the California Supreme Court. (Respondent's Lodgment 6.)

On May 23, 2007, the California Supreme Court denied the petition with a notation, "(See <u>In re Swain</u> (1999), 34 Cal.2d 300, 304; <u>People v. Duvall</u> (1995), 9 Cal.4th 464, 474.)" (Respondent's Lodgment 7.)

On June 4, 2007, this Court ordered Petitioner to file a First Amended Petition within 60 days.

On August 10, 2007, Petitioner filed a First Amended Petition.

On January 14, 2008, Respondent filed a "Motion to Dismiss

1  First Amended Petition;" and "Notice of Lodging" ("MTD"),
2  contending that the Petition should be dismissed on the grounds
3  that it is a mixed petition.
4      On January 29, 2008, Petitioner filed a document entitled
5  "Petitioner's Response to Respondent's Motion to Dismiss."
6      The matter has been deemed submitted and is now ready for
7  decision.  Having reviewed the allegations in the First Amended
8  Petition the matters set forth in the Motion to Dismiss and
9  Petitioner's Response, the Court **HEREBY ORDERS** that the Motion to
10 Dismiss be granted.
11
12                         **BACKGROUND**
13     Following a jury trial in Los Angeles County Superior Court,
14 Petitioner was convicted on June 13, 2001 of first degree murder
15 in violation of California Penal Code ("PC") §187(a).  It was
16 found that the victim in Count One was a peace officer who was
17 intentionally killed while engaged in the performance of his
18 duties (PC §190.2), that the murder was committed for the purpose
19 of avoiding and preventing a lawful arrest (PC §190.2(c)(5)), and
20 that the murder was committed by means of lying in wait in
21 violation of PC §190.2(a)(15).  Further, it was found as to Count
22 One that Petitioner discharged a firearm, causing great bodily
23 injury and death (PC §§12022.53(d) and (e)(1)) and that Petitioner
24 personally intentionally discharged a firearm in violation of PC
25 §§12022.53(c) and (e)(1).  In Count Two, Petitioner was charged
26 with attempted murder of a peace officer engaged in the
27 performance of his duty in violation of PC §§664 and 187(a).  It
28 was further found as to Count Two that the attempted murder was

willful, deliberate and premeditated in violation of PC §§664(e) and (f). It was further found as to both Counts that Petitioner used a firearm and various sentence enhancement for firearm use were imposed. (Respondent's Lodgment 1.)

Petitioner was sentenced to life without the possibility of parole for the murder of the peace officer, plus 25 years to life for the firearm use, plus 35 years to life for the attempted murder of a peace officer and firearm use. (Respondent's Lodgment 1.)

On December 19, 2003, Petitioner's conviction was reversed by the California Court of Appeal. On January 24, 2005, the California Supreme Court reversed the decision of the Court of Appeal, reinstating the conviction.

On June 6, 2005, the United States Supreme Court denied certiorari in <u>Gonzalez v. California</u>, ___ U.S. ___, 125 S.Ct. 2552, 162 L.Ed.2d 282 (2005).

On June 5, 2006, Petitioner filed the within Petition.

**PETITIONER'S CONTENTIONS**

Petitioner contends the following, <u>inter</u> <u>alia</u>:

1. The trial court erroneously denied Petitioner's motion to dismiss on the grounds the prosecution withheld evidence in violation of the constitutional duty under the Fourteenth Amendment of the United States Constitution to disclose to the defense any exculpatory evidence;

2. The trial court erred in finding Petitioner failed to establish a <u>prime</u> <u>facie</u> case of improper use of

        peremptory challenges during selection of the jury in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

3. The trial court abused its discretion when it denied Petitioner's motions for mistrial due to the jury being exposed to prejudicial media coverage of the trial and attempts to influence jurors in violation of the Sixth Amendment to the United States Constitution;

4. Petitioner's confession was involuntary and admitted into evidence in violation of the Fifth Amendment to the United States Constitution;

5. Petitioner's confession was admitted although the interrogating homicide detectives failed to cease interrogation after Petitioner invoked his right to counsel in violation of the Fifth Amendment to the United States Constitution;

6. Petitioner was denied the fundamental right under the Sixth Amendment to the United States Constitution to cross-examine an adverse witness; and

7. The trial court improperly excluded Petitioner's proffered third-party culpability evidence in violation of Petitioner's Sixth and Fourteenth Amendment rights to present a defense and to a fundamentally fair trial.

(Petition at 6A-6S.)

//
//
//

## DISCUSSION

### A. Exhaustion Requirement Generally.

Federal habeas petitioners challenging the legality of custody pursuant to a state court judgment must first exhaust any remedies available in the state courts, unless circumstances exist which make such remedies ineffective. (28 U.S.C. §2254(b)(1)) This exhaustion requirement is not met if a petitioner has the right, under state law, to raise the claims presented in any available state procedure. (28 U.S.C. §2254(c)) A state, through counsel, may waive the exhaustion requirement, but must do so expressly. (28 U.S.C. §2254(b)(3))

The exhaustion requirement is designed to protect the role of the state courts in the enforcement of federal law and to prevent disruption of state judicial proceedings. Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). A petitioner has exhausted state remedies if he has fairly presented each and every one of his federal claims to the highest state court with the jurisdiction to consider them. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam), citing Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Harmon v. Ryan, 959 F.2d 1457, 1460 (9th Cir. 1992). A claim has been fairly presented if the petitioner has described the operative facts and legal theory upon which his claim is based. Bland v. California Department of Corrections, 20 F.3d 1469, 1473 (9th Cir.), cert. denied 513 U.S. 947 (1994). Further, the petitioner must have alerted the state court that a claim is asserted under the United States Constitution. Duncan, 513 U.S. at 365; Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996). If

a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court. Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998); citing Johnson, 88 F.3d at 829; see also Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996).

Unless the state expressly waives the exhaustion requirement, a federal court cannot grant relief requested in a state prisoner's habeas petition if the prisoner has not exhausted state remedies with respect to each and every claim contained in the petition. 28 U.S.C. §2254(b)(1); Reutter v. Crandel, 109 F.3d 575, 578 (9th Cir.), cert. denied, 118 S. Ct. 142 (1997) (even petitions containing both exhausted and unexhausted claims are subject to dismissal).

Here, Respondent contends that Petitioner has failed to fully exhaust all of his claims contained in his First Amended Petition.

B. **Stay and Abeyance Law**.

In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005), the United States Supreme Court held that a federal district court may stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state court. A District Court should stay, rather than dismiss, a mixed habeas petition if the Petitioner has good cause for his failure to exhaust, his unexhausted claims are meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Id. at 278.

In Rhines, the Supreme Court noted that because of the total

exhaustion requirement in <u>Rose v. Lundy</u>, 455 U.S. 509, 518-19, 102 S.Ct. 1198 (1982) and AEDPA's one-year statute of limitations, petitioners with mixed petitions "run the risk of forever losing their opportunity for any federal review of their unexhausted claims." <u>Rhines</u>, 125 S.Ct. at 1533. This risk arises because a petitioner could be faced with a choice of either striking his unexhausted claims and going forward with an exhausted petition or allowing the whole petition to be dismissed, without prejudice, as mixed. Under the first option, if Petitioner's original petition had already been decided on the merits, he could not include the newly exhausted claims in a subsequent petition, as the second petition would be subject to the strict limitations AEDPA places on successive petitions. <u>See</u> 28 U.S.C. §2244(b). The second option available under <u>Rose</u> is no more desirable for a petitioner given the fact that AEDPA's one-year statute of limitations will likely have run before a petitioner is able to fully exhaust state court remedies on the mixed petition and return to federal court. <u>Rhines</u>, 125 S.Ct. at 1533-34.

In light of the above circumstances, <u>Rhines</u> concluded that a District Court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims. In making this determination, however, the Court held that the stay and abeyance procedure must be applied consistently with AEDPA's twin purposes: "reducing delays in the execution of state and federal criminal sentences" and encouraging "petitioners to seek relief from state courts in the first instant." <u>Rhines</u>, 125 S.Ct. at 1534. As a result, <u>Rhines</u> cautioned, a stay and abeyance should be available only in limited circumstances, and is

appropriate only when the District Court determines that there was "good cause" for the failure to exhaust. Rhines, 125 S.Ct. at 535.

### C. Petitioner Has Failed to Fully Exhaust All of His Claims Contained in the First Amended Petition and a Stay under Rhines Is Not Warranted.

Respondent contends that Petitioner in his petition for writ of habeas corpus filed in the California Supreme Court did not fairly present his unexhausted claims. The First Amended Petition raises the same seven separate allegations of error as were raised in Petitioner's original federal petition, accompanied by 21 pages of detailed factual allegations. A review of the habeas petition prepared by counsel and presented to the California Supreme Court, however, reveals that Petitioner elected not to fully and fairly present his claims in that forum. Instead, he presented a procedurally defective petition, which did not serve to exhaust his available state remedies. The California Supreme Court denied the Petition with the notation "(see In re Swain (1949) 34 Cal.2d 300, 304; People v. Duvall (1995) 9 Cal.4th 464, 474)." Respondent contends that the Petition filed in the California Supreme Court failed to sufficiently state the facts underlying the claims; thus, the habeas petition was rejected as procedurally defective.

Petitioner was previously granted a Stay to fully exhaust his claims in the California Supreme Court. (See Memorandum and Order issued on September 11, 2006.) The Court at that time found under Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005) that

good cause existed warranting a Stay, the claims were potentially meritorious, and Petitioner had been diligent. Petitioner had been given another opportunity to fully exhaust all of his claims in state court; however, as noted below, Petitioner failed to allege all of the factual allegations supporting his claims to the California Supreme Court.

In Ground 1 of the First Amended Petition presented to this Court, Petitioner alleged that the prosecution withheld exculpatory information "of informants." The claim discussed three separate alleged witnesses as to whom the prosecutor allegedly failed to provide material exculpatory information, and identified what information was purportedly withheld. (See First Amended Petition at 6A-6B.) However, when presenting this claim to the California Supreme Court, Petitioner discussed only a single witness about whom information was purportedly withheld, did not identify that witness, and did not identify what purportedly exculpatory information that person may have had. (Respondent's Lodgment 6 at 4.) Petitioner's failure to fairly present the facts underlying his claim to the California Supreme Court is particularly inexcusable when, as here, the omitted information was available and known to Petitioner at the time he filed his state petition, as evidenced by the inclusion of that information in his previously-filed "though unexhausted" original federal petition. As such, this claim is not fully exhausted.

In Ground 2, Petitioner alleges a systematic exclusion of prospective jurors based on race, and discusses in detail the responses of those prospective jurors to voir dire, and compares those responses to the responses of other jurors. (See First

Amended Petition at 6B-6D.) In the California Supreme Court, Petitioner alleged only that the prosecutor was "systematically excluding black jurors" and that three excluded prospective jurors were African American. (Respondent's Lodgment 6 at 8.) The Court finds that Petitioner has exhausted this claim.

In Ground 3, Petitioner alleges that a mistrial should have been declared due to prejudicial media coverage and attempts by non-jurors (including members of Petitioner's family) to tamper with the jury. (First Amended Petition at 6D-6G.) In the California Supreme Court, Petitioner raised only the issue of extensive media coverage; he did not mention the issue of attempted jury tampering. Thus, the jury tampering issue was not exhausted.

In Ground 4, Petitioner alleges that his confession was involuntary. (First Amended Petition at 6G-6M.) The First Amended Petition contains over six pages of detailed factual allegations which Petitioner argues support his request for relief. The petition presented to the California Supreme Court, contains a mere three and one-half lines of factual allegations. (Respondent's Lodgment 6 at 6.) Conspicuously absent from the factual allegations presented in the California Supreme Court habeas corpus petition are any specific allegations of wrongdoing by any of the police officers who questioned Petitioner, or any discussion of the defense interrogation expert's testimony regarding the allegedly coercive effect of the interrogation techniques. Thus, all of the factual allegations of this claim are not fully exhausted.

In Ground 6, Petitioner alleges that he was denied the right

to cross-examine Scott Reitz, a firearm examiner for the Los Angeles Police Department, who prepared a videotape demonstrating certain characteristics of the gun used in the shooting. (First Amended Petition at 6P-6S.) In the California Supreme Court, Petitioner did not allege what cross-examination should have been but was not allowed, or how that cross-examination might have assisted the defense. The claim presented in the California Supreme Court does not even mention the nature of the exhibit Reitz prepared. Thus, all of the factual allegations of this claim are not fully exhausted.

In Ground 7, Petitioner alleges that the trial court erroneously prohibited Petitioner from offering third party culpability evidence in the form of testimony by Maria Guzman that she had overheard a third party, Juan Berrigan, admit that he had killed a police officer. (First Amended Petition at 6S-6U.) In the California Supreme Court, Petitioner did not identify the witness and described her testimony in only vague terms: "I attempted to show that an individual named Juan Berrigan had killed Officer Cuesta, and that he had confessed as much to a woman over the phone." (Respondent's Lodgment 6 at 9.) The Court finds that Petitioner has sufficiently exhausted this claim.

California law provides that a habeas petitioner who presents a petition found to be defective for failing to state the facts underlying the claim with sufficient particularity can cure the defects by presenting a more detailed petition (In re Swain, 34 Cal.2d at 304). However, Respondent requests the Court to exercise its discretion not to issue another stay. Respondent contends that Petitioner has failed to show good cause for the

1  failure to fully exhaust his claims in state court. Further,
2  Respondent contends that Petitioner has engaged in abusive
3  litigation tactics or intentional delay and therefore the District
4  Court should not grant him a stay. Respondent notes that while
5  this Court accepted Petitioner's representation that good cause
6  existed to warrant a stay in order to provide him with the
7  opportunity to properly exhaust his claims in his original
8  petition, no such good cause exists now. Contrary to the
9  representation in his Request for a Stay, Petitioner did not
10 "proceed as efficiently as possible to dispose of his other
11 federal claims." Indeed, the petition presented to the California
12 Supreme Court had the effect of denying that Court any meaningful
13 opportunity to consider Petitioner's claims.
14     Petitioner requests the Court to order Respondent to address
15 the merits of the claims or grant a Stay in light of Rhines v.
16 Weber, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005).
17     The Court finds that Petitioner has failed to show he is
18 entitled to a Stay under Rhines. The Court previously granted
19 Petitioner a Stay; and Petitioner failed to fully exhaust all of
20 his factual allegations in the California Supreme Court.
21
22     D.   **Petitioner's Options Regarding His Unexhausted Claims**.
23     As noted above, the following claims contained in the First
24 Amended Complaint are not fully exhausted: Portions of Grounds 1,
25 3, 4 and 6. Petitioner is advised that he may choose to strike
26 the unexhausted portions of these claims from his First Amended
27 Petition and move forward with only his exhausted claims. James
28 v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000). Petitioner is

13

advised, however, that if he abandons the unexhausted claims, he risks forfeiture of these deleted claims. If Petitioner exhausts the unexhausted claims following the conclusion of this action and wishes to return to federal court, any future federal habeas petition by Petitioner addressing the same conviction may be precluded as successive under 28 U.S.C. §2244(a)-(b), or as untimely by the statute of limitations in 28 U.S.C. §2244(d)(1). If Petitioner chooses to delete the unexhausted portions of these claims, he may notify the Court by filing a motion to dismiss the unexhausted portions of claims 1, 3, 4 and 6. Any such motion must clearly state which claims Petitioner seeks to dismiss.

Petitioner is further advised that if he chooses not to delete the unexhausted portions of the claims, the Court will issue a Report and Recommendation recommending that the First Amended Petition be dismissed as a "mixed petition."

### ORDER

The Court **HEREBY ORDERS** Petitioner to file a response to this Memorandum and Order within 30 days of the date of this Order indicating whether Petitioner seeks to dismiss the unexhausted portions of claims 1, 3 ,4 and 6. If Petitioner fails to file a Response, the Court will issue a Report and Recommendation recommending that the Petition be dismissed as it is a "mixed" petition.

DATED: April 18, 2008

VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE

Case 2:07-cv-01593-DDP-PJW   Document 61   Filed 04/21/08   Page 15 of 18   Page ID #:234

CHAMBERS COPY

Priority
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only___

FILED
CLERK, U.S. DISTRICT COURT
SEP 11 2006
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CATARINO GONZALEZ, JR., <br><br> Petitioner, <br><br> v. <br><br> SCOTT M. KERNAN, <br><br> Respondent. | No. CV 06-03438-R (VBK) <br><br> MEMORANDUM AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND GRANTING PETITIONER'S REQUEST FOR A STAY |

## INTRODUCTION

On June 5, 2006, Catarino Gonzalez, Jr. (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," pursuant to 28 U.S.C. §2254 ("Petition"). On June 27, 2006, Petitioner filed a document entitled "Petitioner Gonzalez's Points and Authorities in Support of His Petition," which the Court construed as a Memorandum in support of the previously filed "Form Petition for a Writ of Habeas Corpus by a Person in State Custody (28 U.S.C. §2254]."

In accordance with the Court's Order Requiring Response to Petition, on August 4, 2006, Respondent filed a "Motion to Dismiss Petition for Writ of Habeas Corpus; Memorandum of Points and

Authorities" ("MTD"), contending that the Petition should be dismissed on the grounds that it is a mixed petition. Petitioner filed a "Reply to Respondent's Motion to Dismiss; Request for Stay and Abey Instant Action; Memorandum in Support; Declaration of Mark McBride; [Proposed] Order" on August 28, 2006.

The matter has been deemed submitted and is now ready for decision. Having reviewed the allegations in the Petition and the Memorandum in support of the Petition, the matters set forth in the Motion to Dismiss and Petitioner's Reply, **IT IS HEREBY ORDERED** that the Motion to Dismiss be denied and Petitioner's request for a Stay be granted.

## BACKGROUND

Following a jury trial in Los Angeles County Superior Court, Petitioner was convicted on June 13, 2001 of first degree murder in violation of California Penal Code ("PC") §187(a). It was found that the victim in Count One was a peace officer who was intentionally killed while engaged in the performance of his duties (PC §190.2), that the murder was committed for the purpose of avoiding and preventing a lawful arrest (PC §190.2(c)(5)), and that the murder was committed by means of lying in wait in violation of PC §190.2(a)(15). Further, it was found as to Count One that Petitioner discharged a firearm, causing great bodily injury and death (PC §§12022.53(d) and (e)(1)) and that Petitioner personally intentionally discharged a firearm in violation of PC §§12022.53(c) and (e)(1). In Count Two, Petitioner was charged with attempted murder of a peace officer engaged in the performance of his duty in violation of PC §§664 and 187(a). It was further found as to Count

1  Two that the attempted murder was willful, deliberate and
2  premeditated in violation of PC §§664(e) and (f). It was further
3  found as to both Counts that Petitioner used a firearm and various
4  sentence enhancement for firearm use were imposed. (Lodged Document
5  No. 1.)
6      Petitioner was sentenced to life without the possibility of
7  parole for the murder of the peace officer, plus 25 years to life
8  for the firearm use, plus 35 years to life for the attempted murder
9  of a peace officer and firearm use. (Lodged Document No. 1.)
10      On December 19, 2003, Petitioner's conviction was reversed by
11  the California Court of Appeal. On January 24, 2005, the
12  California Supreme Court reversed the decision of the Court of
13  Appeal, reinstating the conviction.
14      On June 6, 2005, the United States Supreme Court denied
15  certiorari in <u>Gonzalez v. California</u>, ___ U.S. ___, 125 S.Ct. 2552,
16  162 L.Ed.2d 282 (2005).
17      On June 5, 2006, Petitioner filed the within Petition.

**PETITIONER'S CONTENTIONS**

Petitioner contends the following, <u>inter</u> <u>alia</u>:
1. The trial court erroneously denied Petitioner's motion to dismiss on the grounds the prosecution withheld evidence in violation of the constitutional duty under the Fourteenth Amendment of the United States Constitution to disclose to the defense any exculpatory evidence;
2. The trial court erred in finding Petitioner failed to establish a <u>prime</u> <u>facie</u> case of improper use of peremptory challenges during selection of the jury in

3

Petition, alleging his present exhausted claim as well as the newly exhausted claims (assuming the California Supreme Court denies habeas relief on the claims), within 60 days from the date of the California Supreme Court's decision on its habeas petition. Petitioner is cautioned that should he fail to act within these time frames, the Court will order the stay vacated nunc pro tunc, and he will not be allowed to raise additional claims in this action. See Kelly, 315 F.3d at 1070.

DATED: 9-11-06

VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE